IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:16-CV-989-O |
| | § | |
| JODY R. UPTON, Warden,[1] | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Rhonda Fleming, a federal prisoner confined in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell), against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is confined pursuant to her 2010 federal convictions in the Southern District of Texas for aiding and abetting health care fraud. J., *United States v. Fleming*, Case No. 4:07-CR-00513-001, ECF No. 626. According to Petitioner, she filed a petition for clemency in 2014, which was denied around April 2016 on the basis that she did not meet the "Clemency Project of 2014 criteria." Pet. 2, ECF No. 1. She contends that this Court has jurisdiction to consider the petition under the Administrative Procedures Act, which "provides that a reviewing court may set aside an agency action that violates the law." *Id.* at 2.

---

[1] In a habeas-corpus proceeding under § 2241, the proper respondent is the petitioner's immediate custodian. *See Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004); *Mounce v. Knighten,* 503 F.2d 967, 969 (5th Cir. 1974). Thus, the clerk of Court is directed to DESIGNATE Jody R. Upton, warden of FMC-Carswell, as the party respondent and to REMOVE the "Department of Justice" and "President Barack Obama" as party respondents.

## II. ISSUES

Petitioner claims that the President and the Department of Justice (DOJ) have exercised presidential clemency power and executive action in violation of the United States Constitution. Pet. 1, ECF No. 1. Specifically, Petitioner asserts that the Clemency Project 2014, under the control of the DOJ, has violated her constitutional right to due process and equal protection of the law by granting clemency to other inmates, who, like her, do not meet the criteria, granting clemency to more men than women, and discriminating against non-violent, white-collar prisoners. Pet. 2 & Ex. A, ECF No. 1. She also claims that Deferred Action for Parents of American and Lawful Permanent Residents ("DAPA) violates her right to equal protection of the law by granting illegal aliens various privileges, such as amnesty and deferred prosecution, while maintaining her imprisonment and subjecting her to collateral consequences upon her release not applied to DAPA beneficiaries. Am. Pet. 2-4, ECF No. 10. She seeks declaratory relief and immediate release from custody. *Id.* at 4-5.

## III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims. The Administrative Procedures Act ("APA") provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Petitioner fails to establish that judicial review under the APA is available as to his claims regarding the denial of clemency. Although the DOJ is an "agency" within the meaning of the Act, "[f]ederal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the president in the exercise of his clemency power is all but absolute." *Spinkellink v. Wainwright,* 578

F.2d 582, 618 (5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979). Thus, the president can grant or deny clemency at will, notwithstanding the DOJ's procedures or criteria.

Furthermore, even assuming the claims were properly presented under § 2241, to obtain federal habeas relief, a petitioner must show a federal constitutional violation. 28 U.S.C. § 2241(c)(3). Petitioner has made no such showing. As she concedes, she was denied clemency, and she has no constitutional right to clemency. *See Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). Because she has no constitutional right to clemency, she was not entitled to due process or equal protection in connection with the procedure by which her petition for clemency was considered or the President's clemency decision. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195 at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Lastly, Petitioner's claim under DAPA is meritless. Petitioner fails to establish how a ruling in her favor as to this claim would result in her immediate release or a reduction of her sentence. Moreover, implementation of DAPA was enjoined on a nationwide basis by the Fifth Circuit's 2015 decision in *Texas v. United States,* 809 F.3d 134 (5th Cir. 2015), *aff'd,* 136 S. Ct. 2271 (2016).

### III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 27th day of December, 2017.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**